FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALFREDO RICARDO ARREDONDO,<br><br>Defendant. | No. 1:24-cr-02027-SAB-12<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 1035** |

Before the Court is Defendant's Motion to Modify Conditions of Release (ECF No. 1035). Defendant was represented by court-appointed attorney Frank Cikutovich.

Defendant requests that the Court remove Special Condition No. 8 (ECF Nos. 423), which imposes GPS location monitoring. ECF No. 1035. The United States has no objection to the modification, and United States Probation/Pretrial Services defers to the Court on the requested removal of GPS monitoring but has no objection to stand-alone location monitoring rather than the currently imposed curfew. *Id.*

On April 23, 2024, this Court conducted a detention hearing and granted the United States' Motion for Detention (ECF No. 162). ECF No. 331. Defendant appealed the detention order, and Chief Judge Stanley A. Bastian released

ORDER - 1

Defendant to the community on May 22, 2024, with conditions of release including GPS location monitoring and home detention. ECF No. 423. Then, on August 30, 2024, the Court granted Defendant's request to replace home detention with a curfew. ECF No. 527. Now, Defendant again requests the Court to modify his conditions of release and requests that the Court remove GPS location monitoring. ECF No. 1035.

Defendant asserts that since his release on May 22, 2024, "he has remained employed full time, completed substance abuse treatment, and has been in full compliance with his conditions of release." *Id.* While Defendant's assertions regarding his compliance on release may be true, one factor helping Defendant succeed on supervision may very well be GPS location monitoring. This Court often analogizes release condition modification with wearing a seatbelt. Just because one has not crashed their car does not mean they no longer need to wear a seatbelt. Here, Defendant's apparent success on release does not mean he no longer needs GPS location monitoring. Instead, Defendant's very serious underlying charges of four controlled substance offenses and unlawful possession of a machinegun, ECF No. 556, mean that Defendant is too great a risk to the safety of the community without GPS monitoring.

\\

\\

ORDER - 2

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 1035**) is **DENIED**.

**IT IS SO ORDERED.**

DATED June 27, 2025.

```
                              _____
                                  ALEXANDER C. EKSTROM
                              UNITED STATES MAGISTRATE JUDGE
```

ORDER - 3